SIXTH DIVISION

JANUARY 30, 2004

No. 1-02-3809

SHEDRINA HIGH, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

) No. 02 L 0090902

)

CHICAGO TRANSIT AUTHORITY, )

a Municipal Corporation, ) The Honorable

) Kathy M. Flanagan,

Defendant-Appellee. ) Judge Presiding.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff Shedrina High appeals from an order of the circuit court dismissing her personal injury action against defendant Chicago Transit Authority pursuant to section 41 of the Metropolitan Transit Authority Act (the Act) (70 ILCS 3605/41 (West 2002)) on the ground that her notice under section 41 failed to state the place or location of the accident.  Plaintiff contends on appeal that the trial court erred in dismissing her complaint because (1) she complied with the Act's requirement that she provide defendant a statement including the location of the accident that was the basis of her claim and (2) defendant did not comply with the requirement of section 41 that it send a claimant a copy of section 41 within a specified time after receiving the claim.

Plaintiff brought a personal injury action in July 2002, alleging negligence by defendant's employees in the collision of two elevated trains on the Brown Line on August 3, 2001.

In August 2002, defendant appeared and filed a motion to dismiss, arguing that plaintiff's section 41 notice, sent to defendant on November 14, 2001, did not comply with the Act because the description of the collision's location, on the Brown Line in Chicago, was insufficient.  Attached to the motion was a copy of plaintiff's statement, which described the incident as occurring on a southbound train on "the Brown CTA line" in "Chicago, IL."

Plaintiff responded to the motion to dismiss, arguing that her statement was sufficient because there was only one accident on the Brown Line on August 3, 2001, and because defendant received "over 40 other claims resulting from this accident" and was thus aware of the location of the incident.  She also argued that defendant did not comply with section 41's requirement that defendant send plaintiff a copy of section 41 within 10 days of receiving notice of plaintiff's claim.  Plaintiff stated that a copy of section 41 was sent to plaintiff's address by certified mail, but to the incorrect person ("Sadrina Hibh") and apartment number, and the signature on the certified mail card was not hers.  Defendant also sent a copy of section 41 to plaintiff's counsel,
(footnote: 1) who signed the certified mail card.  Plaintiff argued, however, that it was not sufficient under the Act to send the copy to plaintiff's counsel and that the copy was sent to counsel on August 25, more than 10 days after the date of the incident (August 3), when defendant had notice of her claim from her oral statement to defendant's investigator.

The trial court heard defendant's motion to dismiss on November 12, 2002, and issued a memorandum opinion and order granting the motion and dismissing the case.  The court found that plaintiff "failed to provide the location of the accident" in her statement, noting that a plaintiff must comply strictly with the requirements of the Act as to the content of her statement.  As to defendant sending a copy of section 41 to plaintiff, the court found that, since defendant's duty is triggered by notifying it in writing of an injury, plaintiff's oral "statement" on August 3, 2001, did not trigger defendant's duty.  However, her counsel's August 23, 2001, letter to defendant triggered the duty, and the copy of section 41 sent to plaintiff's counsel on August 25 was thus timely.

Plaintiff contends on appeal that the trial court erred in dismissing her complaint because her statement complied with the Act since it accurately stated the location of the accident, on the Brown Line in Chicago.

A cause of action may be involuntarily dismissed if it is "barred by [an] affirmative matter avoiding the legal effect of or defeating the claim."  735 ILCS 5/2-619(a)(9) (West 2002).  Our review of a section 2-619 dismissal is 
de novo
.  
Chandler v. Illinois Central R.R. Co.
, 207 Ill. 2d 331, 340-41 (2003).

Section 41 of the Metropolitan Transit Authority Act (Act) governs civil actions against defendant for personal injury.  70 ILCS 3605/41 (West 2002).  The Act requires:

"Within six *** months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against [defendant] for damages on account of any injury to his person shall file *** a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any.  If the notice provided for by this section is not filed as provided, any such civil action commenced against [defendant] shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."  70 ILCS 3605/41 (West 2002).

The statement must strictly comply with the Act and must include all the elements required by the Act.  
Curtis v. Chicago Transit Authority
, 341 Ill. App. 3d 573, 576 (2003).  Defendant's actual knowledge of the facts relating to an injury does not excuse strict compliance or bar dismissal under the Act.  
Curtis
, 341 Ill. App. 3d at 576.  Where some attempt to designate an element is apparent, the statement is deemed sufficient if the designation reasonably fulfills the requirements of the Act and does not mislead or prejudice defendant, but defendant's actual knowledge is not a consideration.  
Margolis v. Chicago Transit Authority
, 69 Ill. App. 3d 1028, 1033 (1979).

Here, plaintiff argues that she provided the place or location of the accident by stating that the incident occurred on a southbound Brown Line train in Chicago.  However, the Brown Line is not, by itself, a "place or location."  It extends from Van Buren Street north to Lawrence Avenue, and runs from as far east as Wabash Avenue to as far west as Kimball Avenue.  We recognize plaintiff's argument that, compared to a claimant from a bus accident, a claimant from a rail accident may not be able to determine a proper street address due to the nature of a rail line, running above or below the surface and often not directly below or above a street.  However, plaintiff did not specify to any degree or in any form a discrete location along the lengthy Brown Line, such as "in station X" or "between stations X and Y."  We therefore find that plaintiff's statement did not reasonably fulfill the Act's requirement to state the "place or location where the accident occurred."

Plaintiff also contends that the trial court erred in dismissing her complaint because defendant did not comply with section 41's requirement that it timely send her a copy of section 41.  

Section 41 provides in relevant part:

"Any person who notifies [defendant] that he or she was injured or has a cause of action shall be furnished a copy of Section 41 of this Act.  Within 10 days after being notified in writing, [defendant] shall either send a copy by certified mail to the person at his or her last known address or hand deliver a copy to the person who shall acknowledge receipt by his or her signature.  *** In the event [defendant] fails to furnish a copy of Section 41 as provided in this Section, any action commenced against [defendant] shall not be dismissed for failure to file a written notice as provided in this Section."  70 ILCS 3605/41 (West 2002).

A person who notifies defendant in writing that she was injured must be provided a copy of section 41.  
Puszkarska v. Chicago Transit Authority
, 322 Ill. App. 3d 75, 80 (2001).  "'[A]ny written communication that can be reasonably interpreted as notification that an individual claimant was injured'" qualifies.  
Puszkarska
, 322 Ill. App. 3d at 79, quoting 
Fields v. Chicago Transit Authority
, 319 Ill. App. 3d 683, 688-89 (2001).  This court has rejected defendant's contention that, under the Act, "only the person who was injured may notify it and be furnished with a copy of section 41," finding that a written notice sent by claimant's attorney was sufficient.  
Puszkarska
, 322 Ill. App. 3d at 79.

Plaintiff's oral disclosure of information to defendant's employee on the day of the incident, August 3, 2001, was not a written communication of her injury.  However, the August 23, 2001, letter from plaintiff's counsel clearly was such a written communication, triggering defendant's duty to send a copy of section 41 within 10 days of August 23.

Defendant sent a copy of section 41 to plaintiff's counsel and argues that this complied with the Act, while plaintiff argues that defendant could comply only by sending the copy to her personally.  We are thus presented with the legal question of what section 41 requires.  First and foremost, this court in 
Puszkarska
 interpreted section 41 as providing that the written communication from the injured person may be sent by a claimant's attorney.  Since there is nothing in the language of the Act that distinguishes between who may send the written communication of injury and to whom the copy of section 41 must be sent, it follows that defendant may send the copy of section 41 to a claimant's attorney when, as here, the attorney sent the written communication.  

Also, while the provision of the Act on sending a copy of section 41 must be "liberally construed in favor of the person required to file a written statement" (70 ILCS 3605/41 (West 2002)), we must avoid constructions of a statute that would produce absurd results.  
Kush v. Wentworth
, 339 Ill. App. 3d 157, 162 (2003), citing 
People v. Swift
, 202 Ill. 2d 378, 385 (2002). Since any written communication that reasonably notifies defendant that an individual was injured suffices to trigger defendant's duty to send the copy, as stated in 
Puszkarska
 and 
Fields
, then the communication need not contain the personal address of the injured person.  If the Act required defendant to send the copy to the claimant individually, as plaintiff contends, then a claimant could defeat the Act simply by having her attorney send a written communication of claimant's injury that did not include claimant's personal address.  Were this court to adopt plaintiff's interpretation of the Act, the second paragraph of section 41 would in essence render the first paragraph of the section a nullity.

We find that defendant satisfies the requirements of the Act by timely (within 10 days) and properly (in person or by certified mail) sending the copy of section 41 to the person who sent the written communication of injury.  Since plaintiff's attorney sent the written communication, and defendant properly and timely sent a copy of section 41 to the attorney, we find that defendant fulfilled its duty under the Act.  The trial court did not err in dismissing plaintiff's complaint.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER and SMITH, JJ., concur.

FOOTNOTES
1:
References to plaintiff's counsel or attorney are to her counsel at the relevant time, August through November 2001.  Plaintiff employed different counsel by July 2002, when she filed her complaint.