DORIELA BARRERA, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (1st Division)   No. 1—03—1865

Opinion filed June 14, 2004.

540

O'Brien, Hanrahan & Fay, of Chicago (Thomas J. Keevers, of counsel), for appellant.

Robert S. Rivkin, General Counsel of Chicago Transit Authority, of Chicago (Thomas J. Bamonte, Ellen L. Partridge, and Cecelia M. Comito, of counsel), for appellee.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

This appeal arises from an action brought by plaintiff Doriela Barrera against the Chicago Transit Authority (CTA) for injuries she allegedly sustained when she suffered from an epileptic seizure on a CTA bus and the CTA employees left her unconscious on a public sidewalk where she was robbed. The trial court granted the CTA's motion to dismiss her cause of action on the basis that her complaint failed to describe the exact location of the accident as required under section 41 of the Metropolitan Transit Authority Act (Act) (70 ILCS 3605/41 (West 2002)). On appeal, plaintiff contends that her notice of claim adequately described the location where the accident occurred as required under the Act, and if not, her response to a letter from the CTA cured any defect in her notice of claim. Plaintiff also asserts that the CTA is estopped from arguing that she failed to comply with the section 41 filing requirement. We affirm.

In August 2002, plaintiff filed her "notice of claim and intent to commence civil action" with the CTA's secretary of the board and general counsel for the CTA. The notice provided that plaintiff:

"Sustained injury and damages caused by the [CTA] and its employees on July 29, 2002, as a passenger on the Archer Avenue bus between 9:29 A.M. and 9:49 A.M. [Plaintiff] experienced a seizure, requested emergency assistance, but was ejected from the

bus and left in an unconscious state on a public sidewalk, during which time her money and umbrella were taken from her."

In a letter dated October 11, 2002, the CTA claims supervisor informed plaintiff's counsel:

"We find no report of this incident. Before we can process this claim, the following information will be required. Exact Date of Incident[;] Location of Incident[;] Time of Incident[;] Nature of Incident[;] Direction of CTA Vehicle[; and] CTA employee Badge and/or Bus Number[.] Upon receipt of the above information, we can then process this claim. For your convenience, a postage paid self-address envelope is being provided."

In a letter dated October 17, 2002, plaintiff's counsel provided the CTA claims supervisor the following information:

"Exact date of incident—July 29, 2002; location of incident— Northeast bound Route 62 Archer bus. [Plaintiff] boarded at Brighton and Archer and was discharged near Archer and Western. Time of incident—soon after boarding at 9:29 A.M. Nature of incident— [plaintiff] experienced an epileptic seizure and was removed from the bus and left unconscious on a city sidewalk. During the course of this time she was robbed. Direction of CTA bus—Northeast on Archer; CTA badge or bus number—Bus #62; Badge number of driver is unknown. The driver was white and appeared to be thin and in his upper forties. Two other CTA employees were on the bus. One was a short, black, thin man, wearing a mustache, and the second was Hispanic or white. The occurrence was promptly reported to the [CTA] on the date of the occurrence, and a report was taken by a Mrs. Miller, who advised [plaintiff] that CTA employees cannot call for ambulance assistance for passengers in distress."

In March 2003, plaintiff filed a complaint against the CTA for injuries she sustained due to the negligent actions taken by the CTA and its employees on July 29, 2002, when she was a passenger on the route 62 bus traveling northeast bound on Archer Avenue. Plaintiff's complaint restated the allegations in her notice of claim and also alleged that she boarded at Brighton.

The CTA filed a motion to dismiss plaintiff's complaint with prejudice pursuant to section 2—619 (735 ILCS 5/2—619 (West 2002)) of the Code of Civil Procedure. The motion alleged that plaintiff did not strictly comply with section 41 in that she failed to list the place or location of the alleged accident as required under the Act.

On May 30, 2003, plaintiff filed a response to the CTA's motion to dismiss, alleging "the place of the occurrence is the interior of the moving Route 62 CTA bus," and plaintiff set forth the locations of where she boarded the bus and was discharged in her notice of claim

and supplemental letter. On that same date, the trial court dismissed plaintiff's complaint with prejudice.

On appeal, plaintiff contends that her notice of claim to the CTA sufficiently described the location of the incident, and even if the notice of claim did not comply with section 41, her supplemental letter dated October 17, 2002, cured any defect in her description of the location.

A trial court may dismiss a cause of action if it is barred by an affirmative matter that defeats the claim or avoids the legal effect. *High v. Chicago Transit Authority*, 345 Ill. App. 3d 964, 967 (2004); 735 ILCS 5/2—619 (West 2002). We review section 2—619 dismissals under the *de novo* standard of review. *High*, 345 Ill. App. 3d at 967.

■ Section 41 of the Act provides that within six months of an alleged injury, the plaintiff must file written notice of the claim against the CTA in the office of the secretary of the board and the general counsel for the CTA. *Curtis v. Chicago Transit Authority*, 341 Ill. App. 3d 573, 576 (2003); 70 ILCS 3605/41 (West 2002). The notice of claim must provide: (1) the name of the person to whom the cause of action has accrued; (2) the injured plaintiff's name and residence; (3) the date and approximate hour of the accident; (4) the place or location where the accident occurred; and (5) the name and address of the attending physician, if any. *Curtis*, 341 Ill. App. 3d at 576; 70 ILCS 3605/41 (West 2002).

Plaintiff asserts that the 1998 amendment to section 41, which provides that "compliance with this Section shall be liberally construed in favor of the person required to file a written statement," mandates a liberal construction of the notification requirement. 70 ILCS 3605/41 (West 2002). In *Puszkarska v. Chicago Transit Authority*, 322 Ill. App. 3d 75, 79 (2001), this court held that the amendment requires the CTA to liberally construe the written communications it receives from claimants as constituting sufficient notification that a claim exists so that the CTA sends the claimants a copy of section 41, but does not mandate a liberal construction of the notification elements of section 41. Furthermore, Illinois case law clearly holds that the section 41 notification requirement demands strict compliance. *High*, 345 Ill. App. 3d at 967. The strict compliance burden rests solely upon the plaintiff. *Curtis*, 341 Ill. App. 3d at 576. Where the plaintiff's attempt to designate an element is apparent, the notice of claim is deemed sufficient if the designation "reasonably fulfills the requirements of the Act and does not mislead or prejudice defendant, but defendant's actual knowledge is not a consideration." *High*, 345 Ill. App. 3d at 967.

■ We find plaintiff's notice of claim did not set forth the location

of the incident as required by section 41. The notice of claim provided that the incident unfolded while plaintiff was "a passenger on the Archer Avenue bus between 9:29 A.M. and 9:49 A.M." The Archer Avenue bus is not, by itself, a place or location. See *High*, 345 Ill. App. 3d at 967 (Brown line train is not a place or location by itself). Plaintiff, however, insists that the location was "the moving Archer Avenue bus" because the incident unfolded "while the bus was in motion." However, in *High*, this court explained that although the plaintiff may be on a moving commuter rail, the plaintiff can specify a location by providing the name of the two train stations she was between when the incident unfolded. Therefore, it follows that, although a plaintiff may be on a moving bus, the plaintiff can provide the bus stops she was between as the incident unfolded.

Furthermore, we find, contrary to plaintiff's assertion, that *Yokley v. Chicago Transit Authority*, 307 Ill. App. 3d 132 (1999), is also instructive on this matter. In *Yokley*, the plaintiff's leg got caught in the doors of a moving CTA bus, the plaintiff was then thrown to the pavement, and his leg was freed but then was crushed by the rear tires of the bus. The plaintiff's notice of claim provided a nonexistent location. The plaintiff argued that the exact location of the injury was irrelevant because the injury arose from the manner in which the bus was operated. This court rejected the plaintiff's argument that an exact location was not necessary under those circumstances, and noted that even if the notice of claim was liberally construed, the plaintiff failed to pinpoint the accident location within two bus stops of the bus route. In the case at bar, we reject plaintiff's similar contention that because she was on a moving bus as the events unfolded no exact location was necessary. Plaintiff boarded the bus at an exact location, and when she was "ejected" from the bus, she was also at a specific location. Plaintiff could have at least provided those two bus stops in her notice of claim.

However, plaintiff asserts, relying on *Yokley*, that the purpose behind section 41 was to allow the CTA to make a timely investigation into the facts giving rise to the claim, and that purpose was satisfied since she notified and informed the CTA employee, Mrs. Miller, about the incident on the day it occurred. As previously stated, the burden of strict compliance with section 41 falls solely upon plaintiff, and the fact that the CTA may have had the correct information despite the deficiency in plaintiff's notice is irrelevant to the issue of whether plaintiff strictly complied with section 41. See *Curtis*, 341 Ill. App. 3d at 580-81.

Plaintiff also argues that section 41 does not state that a street address or intersection must be used to describe the location and,

therefore, the manner in which plaintiff described the location was as valid as any other. Although the description of a location of an accident under section 41 does not require a street address or intersection under every circumstance (see *High*, 345 Ill. App. 3d at 967-68, plaintiff's interpretation of section 41 is neither logical, useful, nor reasonable, as it would lead to absurd results where basically any description, whether it be that of a moving bus or train, would be sufficient to describe the location. See *Phelan v. LaGrange Park Police Pension Fund*, 327 Ill. App. 3d 527, 534 (2001) (statutes are not to be interpreted so liberally as to lead to absurd or unjust results); see *Yokley*, 307 Ill. App. 3d at 137 (the notice of claim is insufficient if it requires the CTA to speculate as to the location of the accident). Furthermore, the case law specifically provides that the identity of the moving CTA transportation alone is not a location. See *High*, 345 Ill. App. 3d at 967-68.

■ Next, plaintiff contends that her letter dated October 17, 2002, which was sent to the CTA claims supervisor, cured any defect in her notice of claim. The CTA, however, asserts for the first time that the letter cannot be used to cure any defects in the notice of claim because it was not filed in the office of the secretary of the board and the general counsel for the CTA as required under section 41.

An appellee may defend a judgment on appeal by raising an issue not raised before the trial court if the necessary factual basis for the determination of such point is contained in the record. *Curtis*, 341 Ill. App. 3d at 582. Section 41 requires the notice of claim to be filed in both the office of the secretary of the board and the office of the general attorney for the CTA and failure to do so warrants dismissal of the cause of action. *Niziolek v. Chicago Transit Authority*, 251 Ill. App. 3d 537, 541-42 (1993); *Sanders v. Chicago Transit Authority*, 220 Ill. App. 3d 505, 507-08 (1991); *Murphy v. Chicago Transit Authority*, 191 Ill. App. 3d 918, 921 (1989). Notice to the claims representative does not satisfy the notice requirement of section 41. *Niziolek*, 251 Ill. App. 3d at 542.

We find that the letter sent to the claims representative, irrespective of whether it may have cured the defect of providing a location of the incident, failed to satisfy the filing requirement of section 41 because it was not filed with the secretary of the board and the general attorney for the CTA as required under section 41. Plaintiff argues that she was not required to file the supplemental letter with the secretary of the board and the general counsel for the authority because she already filed a notice of claim. The Act specifically lists five items which must be included in the notice that is filed with the secretary and general counsel (70 ILCS 3605/41 (West 2002)), and

therefore, it follows that the filing of a deficient notice of claim does not relieve plaintiff of her obligation to file the corrected or missing information with the secretary and general counsel. We also note that we need not address whether the filing of a complaint within the six-month period would cure a defective notice because the complaint here was filed outside that time period. See generally *Curtis*, 341 Ill. App. 3d at 577-80.

■ Plaintiff further asserts that the CTA is estopped from raising the defense of noncomplaince with the section 41 filing requirement because she detrimentally relied on the representation by the CTA in its letter that "upon receipt of [further] information, [it] can then process [her] claim." Plaintiff asserts that the letter from the claims supervisor implied that the claim was "delegated" to the claims supervisor.

The CTA may be estopped from asserting a plaintiff's failure to comply with section 41 where the plaintiff demonstrates that she detrimentally relied upon the conduct or statements of the CTA and that reliance was in good faith. *Curtis*, 341 Ill. App. 3d at 581. However, we have refused to invoke the doctrine of estoppel to excuse the noncompliance with section 41 where a plaintiff's counsel was assured by a claims representative that settlement was proceeding or where the plaintiff's counsel followed a claims representative's instructions and those instructions did not include the submission of a formal notice. See *Curtis*, 341 Ill. App. 3d at 581-82 (and cases cited therein); *Murphy*, 191 Ill. App. 3d at 923.

Here, the CTA claims representative sent a letter with instructions to plaintiff's counsel, who was clearly aware of the section 41 requirements, but failed to comply with those requirements when responding to the letter. The CTA's letter did not represent that plaintiff's counsel need not take whatever steps were required by law to safeguard his client's claim. Plaintiff's counsel could not rely on the vague assertion by the claims supervisor that if he sent the information requested, the claim would then be processed, but, rather, he was required to comply with the section 41 notification requirements. See *Murphy*, 191 Ill. App. 3d at 923 (court held that plaintiff's counsel could not rely on vague assertions by the claims representative that "everything was okay" and would be taken care of, but was required to take steps to ensure that his client's interests were safeguarded). Furthermore, the CTA did not have an affirmative duty to notify plaintiff that her notice was defective, and the CTA's failure to do so is not the kind of conduct implicated under the doctrine of equitable estoppel. See *Curtis*, 341 Ill. App. 3d at 582.

For all the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

GORDON and McNULTY, JJ., concur.