829 N.E.2d 852 (2005)
357 Ill. App.3d 705
293 Ill.Dec. 927
Ashley HEMPHILL, Plaintiff-Appellant,
v.
CHICAGO TRANSIT AUTHORITY, a Municipal Corporation, and Ben Siciliano, Individually, Defendants-Appellees.
No. 1-03-2886.
Appellate Court of Illinois, First District, Fourth Division.
May 12, 2005.
*853 Thomas P. Routh, Scott E. Encher, Borth & Routh, LLC, Chicago, IL, for Appellant.
Darka Papushkewych, Elen Partridge, Stephen L. Wood, General Counsel of the CTA, Chicago, IL, for Appellee.
Justice THEIS delivered the opinion of the court:
Plaintiff Ashley Hemphill, a passenger on a Chicago Transit Authority (CTA) train allegedly involved in an accident, appeals from the trial court's order granting summary judgment in favor of defendants CTA and train operator Ben Siciliano (collectively, defendants). The trial court found that plaintiff's notice of personal injury (notice), filed pursuant to section 41 of the Metropolitan Transit Authority Act (the Act) (70 ILCS 3605/41 (West 2002)), failed to identify the place or location of the alleged accident. On appeal, plaintiff contends that (1) the trial judge was without authority to grant summary judgment in favor of defendants after another judge denied defendants' motion to dismiss on the same issue; and (2) the trial court erred in granting summary judgment in favor of defendants because plaintiff's notice complied with section 41. For the following reasons, we affirm.
On August 2, 2002, plaintiff filed a complaint against defendants alleging negligence and common carrier liability. Defendants filed a motion to dismiss the complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)), arguing that plaintiff's notice supplied a nonexistent location as the accident site, which effectively omitted that element of the notice; therefore, it did not strictly comply with section 41. Defendants attached a copy of plaintiff's *854 timely filed section 41 notice, in which plaintiff stated:
"1) On August 3, 2001, at approximately 8:45 a.m., Ms. Hemphill boarded the `Blue Line' of the CTA at Sedgwick Station.
2) Shortly thereafter, the train stopped just before the Chicago Street Station, and after a few minutes, Ms. Hemphill felt a hard crash and was thrown to the floor of the train."
She also stated that she exited the train at the Chicago station.
In support of their motion to dismiss, defendants also attached an affidavit of CTA clerk John Griswold, who averred that "the CTA does not have any Blue line rail station on Sedgwick Avenue." Furthermore, he stated that "the CTA Blue line does not run between Sedgwick Avenue and Chicago Avenue in Chicago, Illinois." Judge Larsen denied defendants' motion to dismiss on January 31, 2003, finding that "the location was adequately identified" in plaintiff's notice. This case was transferred to Judge McCarthy shortly thereafter.
Defendants then filed a motion for summary judgment, again arguing that plaintiff's complaint failed because her notice did not identify the location of the accident in strict compliance with section 41. Moreover, defendants argued that this court's decision in Curtis v. Chicago Transit Authority, 341 Ill.App.3d 573, 275 Ill. Dec. 603, 793 N.E.2d 83 (2003), issued after Judge Larsen's January 31, 2003, order, clarified the standard for evaluating section 41 notices and rejected the case law upon which Judge Larsen based her ruling.
Plaintiff responded that Judge Larsen ruled on the merits of defendants' motion to dismiss when she found that plaintiff "adequately identified" the location of the accident. Therefore, plaintiff argued, Judge McCarthy could not revisit that ruling unless there was a change in circumstances or facts to warrant such review. Furthermore, plaintiff asserted that summary judgment should be denied because there was an issue of material fact as to whether plaintiff's notice complied with section 41. In support of her motion, plaintiff attached a map showing the Blue line train route and all other CTA trains that run near the alleged accident site. The map showed that the Brown and Purple line trains run between the Sedgwick and Chicago stations.
At the August 28, 2003, hearing on defendants' summary judgment motion, Judge McCarthy stated that Towns v. Yellow Cab Co., 73 Ill.2d 113, 22 Ill.Dec. 519, 382 N.E.2d 1217 (1978), required her "to review the interlocutory orders where there is new case law that has come down, and apparently, there is new law that has come down [in this case]." She also noted that Judge Larsen found the accident location "adequately identified" in plaintiff's notice, but added, "I'm not sure that adequate identification is what the statute calls for." On August 29, 2003, Judge McCarthy relied on Curtis and granted summary judgment in favor of defendants, finding that plaintiff's notice was defective because it failed to strictly comply with section 41. Plaintiff then filed this timely appeal.
Plaintiff first argues that Judge McCarthy erred in entertaining defendants' motion for summary judgment because Judge Larsen previously denied defendants' motion to dismiss on the same ground. Defendants respond that Judge McCarthy was empowered to grant their motion for summary judgment because Judge Larsen's prior order was interlocutory and subject to revision. Defendants also argue that Judge Larsen's ruling was *855 erroneous as a matter of law because she applied the wrong standard in evaluating the sufficiency of the notice. We agree with defendants.
The Illinois Supreme Court repeatedly has held that the denial of a motion to dismiss is interlocutory and may be revisited at any time before the final disposition of the case. Landmarks Preservation Council v. City of Chicago, 125 Ill.2d 164, 174, 125 Ill.Dec. 830, 531 N.E.2d 9, 13 (1988); Towns, 73 Ill.2d at 121, 22 Ill.Dec. 519, 382 N.E.2d at 1220; see also 155 Ill.2d R. 304(a); Bailey v. Allstate Development Corp., 316 Ill.App.3d 949, 956, 250 Ill.Dec. 225, 738 N.E.2d 189, 195 (2000). The trial court has jurisdiction over an entire controversy and retains jurisdiction until final judgment. Towns, 73 Ill.2d at 121, 22 Ill.Dec. 519, 382 N.E.2d at 1220. Although judges of coordinate jurisdiction should use caution when vacating or amending prior rulings, especially if there is evidence of "judge shopping" by the party receiving the adverse ruling, they are not bound by orders of previous judges and have the "traditional power * * * to amend and revise interlocutory orders" that they consider to be erroneous. Towns, 73 Ill.2d at 119, 121, 22 Ill.Dec. 519, 382 N.E.2d at 1219-20.
Here, there is no danger of "judge shopping" because it is clear from the record that this case was consolidated and transferred to Judge McCarthy as a matter of procedure and efficiency, not by defendants' effort to obtain a favorable ruling. Moreover, Judge McCarthy could properly consider defendants' summary judgment motion, even though Judge Larsen previously denied a motion to dismiss on the same basis, because Judge Larsen's order was interlocutory and was not a final disposition of the controversy between plaintiff and defendants. See Towns, 73 Ill.2d at 121, 22 Ill.Dec. 519, 382 N.E.2d at 1220. According to the August 28 proceedings and subsequent order, Judge McCarthy primarily granted summary judgment in favor of defendants based on Towns and Curtis. Specifically, she quoted a passage from Curtis, which reiterated Illinois courts'"consistent" holding that section 41 required "strict compliance," rendering erroneous Judge Larsen's previous order finding the location "adequately identified." See Curtis, 341 Ill.App.3d at 576, 275 Ill.Dec. 603, 793 N.E.2d at 86.
Plaintiff contends that Curtis is not new law and, therefore, does not meet the conditions under which Judge McCarthy could revise Judge Larsen's order. Assuming arguendo that we agreed with plaintiffs, Judge McCarthy was nevertheless empowered to revise Judge Larsen's order based on an error of law and was not required to base her order on new law. Curtis not only reaffirmed the proposition that personal injury notices must strictly comply with section 41, making Judge Larsen's order erroneous, but also distinguished the line of cases upon which Judge Larsen based her order. Curtis, 341 Ill.App.3d at 578-79, 275 Ill.Dec. 603, 793 N.E.2d at 87-88.
At the August 28 hearing before Judge McCarthy, the parties agreed that Judge Larsen based her ruling on Margolis v. Chicago Transit Authority, 69 Ill.App.3d 1028, 26 Ill.Dec. 566, 388 N.E.2d 190 (1979). Plaintiff also consistently relied on Margolis throughout this litigation. The Margolis court reasoned that because the wording of section 41 was taken "almost verbatim from sections 8-102 and 103 of the Local Governmental and Governmental Employees Tort Immunity Act [(Tort Immunity Act) (now 745 ILCS 10/1-101 et seq. (West 2002))]," the case law interpreting the Tort Immunity Act also applied to the interpretation of section 41. Margolis, 69 Ill.App.3d at 1032, 26 Ill.Dec. 566, 388 *856 N.E.2d at 193. The court then cited to Bickel v. City of Chicago, 25 Ill.App.3d 684, 323 N.E.2d 832 (1975), which was brought under the Tort Immunity Act, and concluded that a section 41 notice was deemed sufficient if "some attempt to designate an element [of the notice] is apparent * * * [and] the designation reasonably fulfills the requirements of the [Act]." Margolis, 69 Ill.App.3d at 1033, 26 Ill.Dec. 566, 388 N.E.2d at 193.
However, this court recently analyzed the history of both the Tort Immunity Act and the Act in Curtis. The Curtis court concluded that although the Act historically had been interpreted commensurately with the Tort Immunity Act, "[i]t is at this juncture, [regarding notice provisions] that an analysis under the Tort Immunity Act and section 41 of the * * * Act must diverge." Curtis, 341 Ill.App.3d at 578, 275 Ill.Dec. 603, 793 N.E.2d at 88.
Curtis noted that the legislature amended the Tort Immunity Act to allow a more liberal interpretation of its notice requirements; however, the legislature did not amend the Act in the same manner. Curtis, 341 Ill.App.3d at 579, 275 Ill.Dec. 603, 793 N.E.2d at 88. Curtis cited Fujimura v. Chicago Transit Authority, 67 Ill.2d 506, 10 Ill.Dec. 619, 368 N.E.2d 105 (1977), for its detailed analysis of the "`unique function and activities'" of the CTA that distinguish it from other public entities, which justified a stricter notice period for plaintiffs bringing personal injuries suits under the Act as opposed to the Tort Immunity Act. Curtis, 341 Ill.App.3d at 579, 275 Ill.Dec. 603, 793 N.E.2d at 88-89. Because the CTA is uniquely susceptible to litigation and numerous burdensome accident investigations, the legislature required injured plaintiffs to provide "complete and prompt notice of a lawsuit," beyond what is required for other public entities, so that the CTA could promptly and efficiently dispose of the cases brought against it. Curtis, 341 Ill.App.3d at 579, 275 Ill.Dec. 603, 793 N.E.2d at 88, citing Joseph v. Chicago Transit Authority, 306 Ill.App.3d 927, 935, 240 Ill.Dec. 46, 715 N.E.2d 733, 739 (1999) (recognizing the "legislative desire" to impose stricter notice provisions on plaintiffs under the Act than under the Tort Immunity Act); accord Yokley v. Chicago Transit Authority, 307 Ill.App.3d 132, 137, 240 Ill.Dec. 358, 717 N.E.2d 451, 456 (1999) (noting that the location of the accident is an essential element of a section 41 notice because it allows the CTA to determine which train and operator were involved in the alleged accident, to locate witnesses, and to examine the accident scene).
Although the legislature permitted the Tort Immunity Act notice requirements to be interpreted liberally, the Act "remained unchanged" and continued to "explicitly provid[e] that a cause of action must be dismissed" for failure to comply with the "stringent requirements" of section 41. Curtis, 341 Ill.App.3d at 579, 275 Ill.Dec. 603, 793 N.E.2d at 88. Thus, the requirements of the two acts were no longer identical. Curtis, 341 Ill.App.3d at 579, 275 Ill.Dec. 603, 793 N.E.2d at 88, citing Bonner v. Chicago Transit Authority, 249 Ill.App.3d 210, 213, 188 Ill.Dec. 301, 618 N.E.2d 871, 872 (1993) (a plaintiff must rely on cases that construe section 41 of the Act, rather than the Tort Immunity Act, because notice under the Act is measured by a stricter standard). Notice requirements under section 41 were "more strict than those under the Tort Immunity Act." Curtis, 341 Ill.App.3d at 579, 275 Ill.Dec. 603, 793 N.E.2d at 88, citing Joseph, 306 Ill.App.3d at 935, 240 Ill.Dec. 46, 715 N.E.2d at 739. We agree with the reasoning in Curtis and decline to follow the "reasonable fulfillment" statement in Margolis.
*857 Plaintiff also asserts that Barrera v. Chicago Transit Authority, 349 Ill.App.3d 539, 285 Ill.Dec. 593, 812 N.E.2d 413 (2004), and High v. Chicago Transit Authority, 345 Ill.App.3d 964, 281 Ill.Dec. 437, 803 N.E.2d 1058 (2004), decided after Curtis, support her contention that making some "attempt to designate the elements of section 41" is sufficient compliance. Initially, we note that both of those cases first relied on Curtis for the proposition that section 41 notices must "strictly comply with the Act and must include all the elements required by the Act." High, 345 Ill.App.3d at 967, 281 Ill.Dec. 437, 803 N.E.2d at 1061; see also Barrera, 349 Ill.App.3d at 542, 285 Ill.Dec. 593, 812 N.E.2d at 416. High also cited Margolis for the proposition that reasonably fulfilling the requirements of section 41 is sufficient for compliance, and Barrera cited High for that same language; however, those references to Margolis were cursory. Barrera, 349 Ill.App.3d at 542, 285 Ill.Dec. 593, 812 N.E.2d at 416-17; High, 345 Ill. App.3d at 967, 281 Ill.Dec. 437, 803 N.E.2d at 1061. In fact, in both cases, the court actually applied a strict compliance standard despite the mere recitation of the principals set forth in Margolis. See Barrera, 349 Ill.App.3d at 544, 285 Ill.Dec. 593, 812 N.E.2d at 417-18; High, 345 Ill. App.3d at 967, 281 Ill.Dec. 437, 803 N.E.2d at 1062. Therefore, those cases do not support plaintiff's argument.
Moreover, this court has repeatedly rejected similar arguments to allow less than strict compliance with section 41. Davis v. Chicago Transit Authority, 326 Ill.App.3d 1023, 1028-29, 260 Ill.Dec. 774, 762 N.E.2d 40, 45 (2001), appeal denied, 198 Ill.2d 612, 264 Ill.Dec. 324, 770 N.E.2d 218 (2002), citing Dimeo v. Chicago Transit Authority, 311 Ill.App.3d 152, 154-55, 243 Ill.Dec. 783, 724 N.E.2d 92, 94-95 (1999) (case dismissed for failing to include the time of the accident despite plaintiff's argument to disregard the "minimal" defect in her notice in order to ensure a just result); Niziolek v. Chicago Transit Authority, 251 Ill.App.3d 537, 542, 189 Ill.Dec. 780, 620 N.E.2d 1097, 1100 (1993) (case dismissed for improper service despite plaintiff's argument that CTA was not harmed or prejudiced by the error); Sanders v. Chicago Transit Authority, 220 Ill.App.3d 505, 507, 163 Ill.Dec. 260, 581 N.E.2d 211, 213 (1991) (case dismissed for improper service despite plaintiff's argument that strict construction of section 41 would be "inequitable"). In fact, plaintiff conceded in her reply brief that the standard is strict compliance.
We find that allowing merely "adequate" compliance with section 41 is erroneous as a matter of law. The standard is strict compliance. Accordingly, Judge McCarthy properly exercised her power to amend an erroneous interlocutory order when she revisited the subject of Judge Larsen's order.
Plaintiff next argues that summary judgment was improper because her notice "correctly identified the location of the occurrence in question as a spot between two sequential elevated train stations." She contends that because section 41 does not require her to include the train or bus line, the erroneous inclusion of the term "Blue line" in her notice was superfluous and should not defeat her cause of action. Defendants respond that summary judgment was proper because plaintiff admittedly gave a nonexistent location as the accident site, which is tantamount to omitting that element of the notice. Moreover, defendants argue that even if plaintiff's notice had not effectively omitted the location of the accident, simply naming two consecutive rail stops is insufficient to identify the location of the alleged accident because *858 two different train lines run between the Sedgwick and Chicago stations.
Summary judgment is proper where the pleadings, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2002); City of Chicago v. Holland, 206 Ill.2d 480, 487, 276 Ill.Dec. 887, 795 N.E.2d 240, 245 (2003). Summary judgment is a "proper remedy" where a plaintiff's section 41 notice is defective. Davis, 326 Ill.App.3d at 1026, 260 Ill.Dec. 774, 762 N.E.2d at 43. We review the trial court's grant of summary judgment de novo. Holland, 206 Ill.2d at 487, 276 Ill.Dec. 887, 795 N.E.2d at 245.
Section 41 provides that within six months of an alleged injury:
"[a]ny person who is about to commence any civil action in any court against [the CTA] for damages on account of any injury to his person shall file * * * a statement, in writing, * * * giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, [and] the place or location where the accident occurred * * *. If the notice provided for by this section is not filed as provided, any such civil action commenced against [the CTA] shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." 70 ILCS 3605/41 (West 2002).
As discussed above, a plaintiff must strictly comply with the Act and must "completely and correctly" include all elements required. Davis, 326 Ill.App.3d at 1027, 260 Ill.Dec. 774, 762 N.E.2d at 44; see also Curtis, 341 Ill.App.3d at 576, 275 Ill.Dec. 603, 793 N.E.2d at 86. Under the strict compliance standard, a section 41 notice is "`insufficient if one or more of the essential elements is omitted.'" Davis, 326 Ill.App.3d at 1028, 260 Ill.Dec. 774, 762 N.E.2d at 44, quoting Yokley, 307 Ill. App.3d at 137, 240 Ill.Dec. 358, 717 N.E.2d at 455. "Supplying incorrect information is the equivalent of supplying no information." Davis, 326 Ill.App.3d at 1028, 260 Ill.Dec. 774, 762 N.E.2d at 44. Moreover, providing a nonexistent location of the accident is tantamount to providing no location at all. Davis, 326 Ill.App.3d at 1028, 260 Ill.Dec. 774, 762 N.E.2d at 44; Yokley, 307 Ill.App.3d at 137, 240 Ill.Dec. 358, 717 N.E.2d at 455. Because the burden of strict compliance rests solely on the plaintiff, the CTA's actual knowledge of the alleged accident or its location cannot be considered in determining whether a plaintiff strictly complied with section 41. Curtis, 341 Ill.App.3d at 576, 275 Ill.Dec. 603, 793 N.E.2d at 86; Yokley, 307 Ill.App.3d at 137, 240 Ill.Dec. 358, 717 N.E.2d at 454.
Here, plaintiff claimed that the accident occurred on the Blue line between the Sedgwick and Chicago stations. However, a CTA clerk averred that there is no Sedgwick station on the Blue line, and that the Blue line does not run between the Sedgwick and Chicago stations. Not only did plaintiff supply incorrect information about the accident, she supplied a nonexistent location, effectively omitting the location element of her section 41 notice. See Yokley, 307 Ill.App.3d at 137, 240 Ill.Dec. 358, 717 N.E.2d at 455. Because her notice is missing an essential element, it is defective. Davis, 326 Ill.App.3d at 1027-28, 260 Ill.Dec. 774, 762 N.E.2d at 44; Cione v. Chicago Transit Authority, 322 Ill.App.3d 95, 97, 255 Ill.Dec. 18, 748 N.E.2d 722, 725 (2001).
Moreover, it is clear from defendants' affidavit and the CTA map submitted by *859 plaintiff that the Sedgwick and Chicago stations do not run consecutively anywhere along the Blue line. It is also clear that both the Brown and Purple line trains do run between Chicago and Sedgwick, making it impossible for the CTA to identify the exact location of the accident from plaintiff's notice without additional information. Although listing the Sedgwick and Chicago stations in two disjunctive paragraphs arguably identified the boundaries of the accident, plaintiff failed to identify which of the two possible train lines she was on when the accident occurred: the Brown or Purple line. Therefore, plaintiff failed to supply all the information necessary to allow the CTA to thoroughly investigate that accident, including the specific train line and correct stops in this case, in accordance with the legislature's intent of affecting a prompt and efficient investigation into all accidents allegedly occurring on CTA vehicles. See Curtis, 341 Ill.App.3d at 579, 275 Ill.Dec. 603, 793 N.E.2d at 88-89.
Plaintiff acknowledged that she incorrectly identified the Blue line in her notice, but argued that that was superfluous information and should not defeat her claim. However, supplying the incorrect train line is far from superfluous. It is plaintiff's burden to provide the CTA with complete and correct information. Curtis, 341 Ill.App.3d at 576, 275 Ill.Dec. 603, 793 N.E.2d at 86. Here, including an erroneous location was misleading because the CTA could not discern whether to investigate the accident (a) on the Blue line train, but at a station other than the nonexistent Sedgwick Blue line station; (b) between the Sedgwick and Chicago stations on the Brown line train; or (c) between the Sedgwick and Chicago stations on the Purple line train. Forcing the CTA to speculate about an element of the section 41 notice renders the notice insufficient, even if the CTA had knowledge of the actual accident location. Barrera, 349 Ill.App.3d at 544, 285 Ill.Dec. 593, 812 N.E.2d at 418; see also Yokley, 307 Ill.App.3d at 137, 240 Ill.Dec. 358, 717 N.E.2d at 456; Curtis, 341 Ill.App.3d at 576, 275 Ill.Dec. 603, 793 N.E.2d at 86.
Plaintiff repeatedly contends that she identified the train as "elevated" in her notice, suggesting that she supplied the CTA with enough information to conduct its investigation. However, we find her argument disingenuous as the record reveals that she made that distinction in her complaint, not in her notice. Nevertheless, even if her notice had indicated that the train was elevated, it still would be defective because the CTA would have had to speculate as to whether the accident occurred on the Brown or Purple line elevated train.
Because plaintiff listed a nonexistent location as the accident site and forced the CTA to speculate as to where the accident occurred, she failed to identify the location of the alleged accident in strict compliance with section 41. Both errors render her notice defective. Therefore, the trial court properly granted summary judgment in favor of defendants. Accordingly, we affirm the judgment of the circuit court of Cook County.
Affirmed.
GREIMAN and QUINN, JJ., concur.