2025 IL App (1st) 240674-U

No. 1-24-0674

Order filed September 23, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| AFRIM ALBANESI and ASIFE LUCI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 6430 |
| | ) | |
| THE PAVILION APARTMENTS, BROOKFIELD | ) | |
| PROPERTIES MULTIFAMILY, LLC, FOREST CITY | ) | |
| ENTERPRISES, and JESSE WILCOX, | ) | Honorable |
| | ) | Catherine A. Schneider |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the denial of plaintiffs' motion for substitution of judge as of right. We also affirm the dismissal of plaintiffs' claims of fraud, breach of contract, unjust enrichment, intentional infliction of emotional distress, defamation *per se*, and negligent spoliation of evidence.

¶ 2 Plaintiffs Afrim Albanesi and Asife Luci contend that the circuit court erred by denying their motion for substitution of judge (SOJ) as of right and dismissing certain claims from their

second and third amended complaints pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      We take the following facts from the common law record, as the record on appeal does not include reports of proceedings.

¶ 5                             A. Landlord-Tenant Dispute

¶ 6      This case arises from a landlord-tenant dispute. Plaintiffs are a married couple who leased a unit at the Pavilion Apartments (the Pavilion) in Chicago. Forest City Enterprises (Forest City) was the property management company for the Pavilion from December 2014 until December 2018. Brookfield Properties Multifamily, LLC (Brookfield) then acquired Forest City and became the property management company for the Pavilion. Forest City ceased to exist. Jesse Wilcox was an assistant property manager for Brookfield.

¶ 7      On December 9, 2014, plaintiffs signed a 22-page lease for a unit at the Pavilion. Forest City gave plaintiffs two pages of the lease. The other 20 pages were lost at some point. Plaintiffs also signed a lease addendum regarding an affordable housing program in which they participated, which required defendants to recertify plaintiffs annually. Forest City recertified plaintiffs just one time in October 2015. However, plaintiffs continued living at the Pavilion without incident until 2019.

¶ 8      On March 12, 2019, Albanesi sued Brookfield, Forest City, and the Pavilion, alleging that they negligently failed to maintain the Pavilion's jacuzzi, which resulted in Albanesi contracting an infection. The parties settled and dismissed that case on August 26, 2019.

¶ 9     In September 2019, defendants served plaintiffs with several notices that their lease would not be renewed. Plaintiffs claim that defendants also harassed them by placing "tow stickers" on their vehicle when it was legally parked in the Pavilion's parking lot and by knocking on their door late at night. On December 9, 2019, Brookfield filed an eviction action against plaintiffs but voluntarily dismissed the case on December 26, 2019. Plaintiffs continued living at the Pavilion into 2020.

¶ 10     In January 2020, defendants served plaintiffs with notices alleging that they failed to provide documents needed to complete recertification for the affordable housing program. In February 2020, defendants allegedly terminated plaintiffs' access to the online rent payment portal and refused to accept rent by any other means. In October 2020, defendants served plaintiffs with a five-day notice, demanding unpaid rent totaling $8,461. In December 2020, Brookfield filed another eviction case against plaintiffs, alleging that they had not paid rent since February of that year.

¶ 11                    B. Original and First Amended Complaints

¶ 12     On June 23, 2021, while the 2020 eviction case was pending, plaintiffs filed this lawsuit. Plaintiffs' original complaint pled (1) intentional infliction of emotional distress (IIED), (2) breach of contract, (3) fraud, (4) defamation *per se*, and (5) *respondeat superior* as to Wilcox. This case was assigned to the Honorable Diane M. Shelley. Defendants filed a section 2-619.1 (735 ILCS 5/2-619.1 (West 2020)) motion to dismiss the complaint, but plaintiffs opted to amend their complaint instead of responding to the motion.

¶ 13     Meanwhile, the 2020 eviction case proceeded to a jury trial. On October 15, 2021, the jury returned a verdict in Brookfield's favor. The trial court presiding over that case awarded possession

of plaintiffs' apartment to Brookfield and entered a judgment of $20,239.03 against plaintiffs for unpaid rent.

¶ 14    On January 24, 2022, plaintiffs filed their first amended complaint in this case, which alleged (1) IIED, (2) breach of contract premised on the 2019 eviction case, (3) breach of contract premised on the 2020 eviction case, (4) fraud, (5) fraud premised on the 2019 eviction case, (6) defamation *per se*, and (7) *respondeat superior*. Defendants filed a section 2-619.1 motion to dismiss the first amended complaint.

¶ 15    By that point, Judge Shelley had retired, and this case had been reassigned to the Honorable Thomas M. Donnelly. Defendants filed a motion for SOJ as of right pursuant to section 2-1001(a)(2) (735 ILCS 5/2-1001(a)(2) (West 2022)). Judge Donnelly granted the motion for SOJ and the case was reassigned to the Honorable James E. Snyder.

¶ 16    On September 9, 2022, Judge Snyder dismissed plaintiffs' claims of IIED and defamation *per se* but otherwise denied defendants' motion to dismiss. Thereafter, Judge Snyder retired, and the case was reassigned to the Honorable Catherine A. Schneider.

¶ 17                      C. Second Amended Complaint and Plaintiffs' Motion for SOJ

¶ 18    On February 27, 2023, Judge Schneider ordered plaintiffs to file their second amended complaint by March 3, 2023.

¶ 19    Plaintiffs filed their second amended complaint on March 2, 2023, alleging (1) negligent spoliation of evidence regarding the December 9, 2014, lease agreement, (2) intentional spoliation of evidence regarding the December 9, 2014, lease agreement, (3) fraud, (4) breach of contract, (5) unjust enrichment, (6) IIED, (7) defamation *per se*, and (8) *respondeat superior*.

¶ 20 On April 3, 2023, defendants filed a section 2-619.1 motion to dismiss the second amended complaint. A section 2-619.1 motion allows a defendant to combine a section 2-615 and 2-619 motion to dismiss into one. 735 ILCS 5/2-619.1 (West 2022). Pursuant to section 2-615, defendants argued that plaintiffs failed to plead any element of fraud. Defendants also argued that the fraud and breach of contract claims improperly sought as damages attorney fees and costs plaintiffs incurred in the 2019 eviction case. Defendants also contended that plaintiffs failed to allege how defendants were unjustly enriched when *plaintiffs* benefitted from reduced rent under the affordable housing program. Regarding the IIED claim, defendants argued that plaintiffs failed to allege extreme and outrageous conduct; at most, they alleged that defendants were somewhat annoying. Finally, defendants contended that plaintiffs failed to state a claim of defamation *per se* because they did not identify any defamatory statement defendants made.

¶ 21 Plaintiffs responded on April 24, 2023. They argued that (1) they sufficiently pled fraud, (2) the complete December 9, 2014, lease agreement might allow plaintiffs to recover attorney fees as damages for breach of contract, (3) defendants were unjustly enriched by a tax credit they earned through the affordable housing program, and (4) defendants' campaign of harassment caused plaintiffs to "live in a state of constant stress, fear, and anxiety" sufficient to support their IIED claim.

¶ 22 Defendants replied on May 8, 2023, and largely reiterated their arguments in the initial motion to dismiss.

¶ 23 On July 14, 2023, the parties conducted oral argument on defendants' motion to dismiss the second amended complaint. Judge Schneider then set the motion for ruling on August 7, 2023.

¶ 24    On August 8, 2023, plaintiffs filed a motion for SOJ as of right pursuant to section 2-1001(a)(2). Plaintiffs argued that they were entitled to SOJ as of right because neither trial nor a hearing had commenced before Judge Schneider, this was plaintiffs' first and only motion for SOJ, and Judge Schneider had not ruled on any issue "directly related to the merits of this case." Plaintiffs noticed the SOJ motion for hearing on August 16, 2023.

¶ 25    On August 11, 2023, Judge Schneider granted defendants' motion to dismiss the second amended complaint. Pursuant to section 2-615, Judge Schneider found that plaintiffs could not, as a matter of law, seek attorney fees and costs they incurred in the 2019 eviction case as damages on the fraud and breach of contract claims. In addition, Judge Schneider explained that plaintiffs' fraud claim did "not identify a statement of misrepresentation or knowledge or intent." Judge Schneider also dismissed plaintiffs' unjust enrichment claim because it was predicated on their fraud claim and was not a standalone claim. Additionally, Judge Schneider dismissed the claims of IIED and defamation *per se*, finding that plaintiffs did not plead any of the elements of those claims. Judge Schneider dismissed all the above claims with prejudice but allowed plaintiffs to replead the counts of spoliation and *respondeat superior*.

¶ 26    Also on August 11, 2023, defendants filed a response to plaintiffs' motion for SOJ, arguing that plaintiffs' motion was untimely "because Judge Schneider commenced a hearing on Defendants' § 2-619.1 motion to dismiss on July 14, 2023, before Plaintiffs filed their motion [for SOJ] on August 8, 2023."

¶ 27    On August 15, 2023, plaintiffs filed a memorandum in support of their motion for SOJ. Plaintiffs acknowledged that Judge Schneider "held a hearing" on defendants' motion to dismiss

on July 14, 2023, but contended that the motion for SOJ was timely because they filed it before Judge Schneider *ruled* on the motion to dismiss.

¶ 28     On August 17, 2023, Judge Schneider denied plaintiffs' motion for SOJ because "the motion was not presented before hearing began and before the court ruled on a substantial issue in the case."

¶ 29     On August 31, 2023, plaintiffs filed a motion to reconsider Judge Schneider's grant of defendant's motion to dismiss. They argued that the fraud and breach of contract claims sought damages other than attorney fees in the 2019 eviction case; those claims also sought damages for emotional distress and harm to plaintiffs' reputation. Plaintiffs also contended that they pled facts supporting their claims of fraud, breach of contract, unjust enrichment, and IIED in the paragraphs common to all counts. With respect to the claim of defamation *per se*, plaintiffs reiterated that the publicly available eviction proceedings damaged their reputations.

¶ 30     In response, defendants argued that plaintiffs (1) never pled any damages other than attorney fees with respect to the fraud and breach of contract claims, (2) conceded that their unjust enrichment claim was derivative of their fraud claim, which Judge Schneider properly dismissed, and (3) insisted that they pled the elements of IIED and defamation *per se* without identifying the facts supporting those elements. Judge Schneider denied plaintiffs' motion to reconsider.

¶ 31                         D. Third Amended Complaint

¶ 32     On December 4, 2023, plaintiffs filed their third amended complaint, which alleged one count of negligent spoliation of evidence regarding the December 9, 2014, lease agreement.

¶ 33     Defendants filed a section 2-619.1 motion to dismiss the third amended complaint. Relevant here, defendants argued that, pursuant to section 2-615, plaintiffs failed to state a claim

of negligent spoliation of evidence because they did not allege that (1) Forest City ever gave Brookfield a complete copy of the lease, (2) Brookfield had a legal duty to preserve a complete copy of the lease, (3) Brookfield lost or destroyed the complete lease, and (4) lacking a complete copy of the lease caused plaintiffs to lose the 2020 eviction case at trial. Regarding causation, defendants argued that "[a]t trial, Albanesi admitted that his monthly rent was $925.00. *** The question at the eviction trial was whether Albanesi paid rent. He didn't, and the jury returned a verdict in Brookfield's favor for possession and unpaid rent."

¶ 34    In response, plaintiffs argued that defendants failed to accept the allegations of the third amended complaint as true and instead offered their own explanation of what happened to the missing 20 pages of the lease, which was improper under section 2-615.

¶ 35    Judge Schneider granted defendants' motion to dismiss with prejudice pursuant to section 2-615 and stated that her order was "final and appealable." Judge Schneider explained that plaintiffs failed to plead Brookfield's duty to preserve a complete copy of the lease. Although the third amended complaint alleged that Forest City gave the complete lease to Brookfield at some point, merely possessing evidence does not create a duty to preserve it. Judge Schneider also found that plaintiffs' allegations that Brookfield lost or destroyed the lease were conclusory recitations of what plaintiffs *believed* happened to the lease. Finally, Judge Schneider concluded that plaintiffs failed to plead causation because "[t]here are no facts alleged that show how the absence of the lease caused a negative result in the eviction [trial], other than the conclusion that it did." Judge Schneider acknowledged that some paragraphs of the third amended complaint did "allege that the terms of the tenancy were unknown in light of the missing lease" but explained that "plaintiffs

state[d] no facts how 5 years later, those missing terms led to the adverse findings in the eviction [trial]."

¶ 36    On March 27, 2024, plaintiffs filed a notice of appeal from the court's dismissal of their third amended complaint.

¶ 37    On March 28, 2024, plaintiffs filed a motion seeking clarification as to which defendants had been dismissed. Judge Schneider denied the motion for clarification on April 4, 2024.

¶ 38                                II. ANALYSIS

¶ 39    We have taken this case on plaintiffs' brief only. However, plaintiffs' brief creates confusion about what claims of error they raise on appeal. Plaintiffs' statement of the issues raises four claims of error. Specifically, plaintiffs contend that Judge Schneider erred by (1) granting defendants' motion to dismiss the second amended complaint while plaintiffs' motion for SOJ was already pending, (2) dismissing certain claims that Judge Snyder previously declined to dismiss, (3) dismissing the third amended complaint based on the incorrect statute of limitations, and (4) "depart[ing] from the accepted and usual course of judicial proceedings" such that this court should exercise its "supervisory power." We are not certain what "supervisory power" plaintiffs reference. Our supreme court has inherent supervisory authority, but we do not. *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Also, plaintiffs' statement of the issues refers to errors "the district court" allegedly committed. We presume plaintiffs mean the trial-level court, which is the *circuit* court of Cook County.

¶ 40    Plaintiffs' brief does not include a table of contents with "the headings of the points and subpoints in the Argument," in violation of Supreme Court Rule 341(h)(1) (eff. Oct. 1, 2020), so that does not provide any clarity as to what claims of error they raise. Adding to this confusion,

the body of plaintiffs' brief raises only three claims of error instead of the four found in their statement of the issues: that Judge Schneider (1) should have granted plaintiffs' motion for SOJ as of right, (2) erred in dismissing with prejudice certain claims in the second amended complaint, and (3) erred in dismissing the negligent spoliation of evidence count in the third amended complaint. Because plaintiffs' brief develops only these claims of error, these are the only claims of error we will consider. Plaintiffs have forfeited any other claims of error. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (appellants forfeit any arguments they do not raise in their opening brief).

¶ 41                                    A. Motion for SOJ as of Right

¶ 42     Plaintiffs contend that Judge Schneider should have granted their motion for SOJ as of right. Section 2-1001 governs SOJ and provides that:

"[a] substitution of judge in any civil action may be had in the following situations:

\*\*\*

(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case \*\*\*." 735 ILCS 5/2-1001(a)(2) (West 2022).

¶ 43    A "litigant is entitled to one substitution without cause as a matter of right, as long as the request for substitution is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." (Internal quotation marks omitted.) *Bowman v. Ottney*, 2015 IL 119000, ¶ 16. "[W]hen properly made, a motion for substitution of judge as a matter of right is absolute, and the circuit court has no discretion to deny the motion." *Id.* ¶ 17. We construe section 2-1001 liberally to promote the right of substitution. *Id.* However, we cannot excuse a party's noncompliance with the statute's express requirements. *Id.* We review the denial of a motion for SOJ as of right *de novo*. *Gohari v. McDonald's Corp.*, 2022 IL App (1st) 201086, ¶ 11.

¶ 44    Plaintiffs filed their motion for SOJ as of right on August 8, 2023. However, the record establishes that a hearing on defendant's motion to dismiss the second amended complaint began more than three weeks earlier, on July 14, 2023. Judge Schneider's July 14, 2023, order stated that, on that date, the case came "before the Court for a hearing on Defendants Brookfield and Wilcox's § 2-619.1 Combined Motion to Dismiss Plaintiffs' Second Amended Complaint" and the court "hear[d] argument" on the motion. Similarly, defendants' response to plaintiffs' SOJ motion stated that "Judge Schneider commenced a hearing on Defendants' § 2-619.1 motion to dismiss on July 14, 2023." Plaintiffs' memorandum in support of their SOJ motion conceded that "on July 14, 2023, a hearing on the motion [to dismiss] was conducted." Therefore, a hearing began on July 14, 2023, before plaintiffs presented their SOJ motion on August 8, 2023. The question is whether the July 14, 2023, hearing qualified as a hearing for purposes of section 2-1001(a)(2)(ii).

¶ 45    "[A] hearing, for purposes of section 2-1001, refers to a hearing on the merits," which is a hearing that would "determine the merits of the complaint." *Id.* ¶ 21. Oral argument on a section

2-619.1 motion to dismiss is a hearing that determines the merits of the complaint because "an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273 (eff. Jan. 1, 1967). The June 14, 2023, oral argument on defendants' section 2-619.1 motion to dismiss the second amended complaint was a hearing on the merits because, if granted, the motion would have resulted in an involuntary dismissal not based on lack of jurisdiction, improper venue, or failure to join an indispensable party. See *id.* In fact, that is exactly what happened. Plaintiffs filed their SOJ motion after the July 14, 2023, hearing on the merits. Therefore, they did not comply with section 2-1001(a)(2)(ii).

¶ 46    Plaintiffs contend that they filed their SOJ motion before Judge Schneider ruled "on any issue directly related to the merits of the case." That may be, but section 2-1001(a)(2)(ii) requires that a party present a motion for SOJ as of right "before trial or hearing begins *and* before the judge to whom it is presented has ruled on any substantial issue in the case." (Empasis added.) 735 ILCS 5/2-1001(a)(2)(ii) (West 2022). Plaintiffs' brief does not address the "hearing" requirement; therefore, they have forfeited any argument that they complied with it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Accordingly, we affirm Judge Schneider's denial of plaintiffs' motion for SOJ as of right due to plaintiffs' failure to present that motion before a hearing began.

¶ 47                               B. Section 2-615 Dismissals

¶ 48    Plaintiffs also contend that Judge Schneider erred in dismissing the second amended complaint's claims of fraud, breach of contract, unjust enrichment, IIED, and defamation *per se*, as well as the third amended complaint's claim of negligent spoliation of evidence. Judge Schneider dismissed all these counts pursuant to section 2-615.

¶ 49    A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. *Dent v. Constellation NewEnergy, Inc.*, 2022 IL 126795, ¶ 25. The court must determine whether the facts alleged, viewed in the light most favorable to the plaintiff, state a cause of action upon which relief may be granted. *Id.* Illinois is a fact-pleading jurisdiction, so a plaintiff must "set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." (Internal quotation marks omitted.) *Quinn v. Board of Commissioners for the City of Chicago Electoral Board*, 2019 IL App (1st) 190189, ¶ 42. "A liberal construction of pleadings will not allow a litigant to resort to notice pleading, and conclusions of fact will not suffice to state a cause of action regardless of whether they generally inform the defendant of the nature of the claim against him." *Id.* However, a court should not dismiss a complaint pursuant to section 2-615 unless it is clear that the plaintiff cannot prove any set of facts that entitle him or her to relief. *Dent*, 2022 IL 126795, ¶ 25. We review the dismissal of a complaint pursuant to section 2-615 *de novo*. *Id.*

¶ 50                                    1. Fraud

¶ 51    Plaintiffs first contend that Judge Schneider erred in dismissing their claim of fraud. The elements of common law fraud are "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496 (1996). A plaintiff must allege with specificity what misrepresentations the defendant made, when the defendant made those misrepresentations, and who made them to whom. *Id.* at 496-97.

¶ 52 Count III of the second amended complaint alleged that the nonrenewal notices defendants served plaintiffs in 2019 claimed that plaintiffs failed to comply with recertification requirements for the affordable housing program, which defendants knew was false.[1] The complaint further alleged that plaintiffs "relied upon the truth of the statements contained in the various nonrenewal notices to the extent they provided an eviction action was imminent." As damages, plaintiffs alleged that they incurred "attorney fees and costs in anticipation of the 2019" eviction case.

¶ 53 The second amended complaint did not allege what defendants' intent was or what defendants hoped plaintiffs would do in response to the 2019 nonrenewal notices. See *Bayview Loan Servicing, LLC v. Sparza*, 2015 IL App (2d) 140331, ¶ 34 (a fraud claim must allege "intent to induce the plaintiff to act or refrain from action on the falsity of the statement."). This silence as to defendants' intent does not meet the "high standard of specificity required for pleadings claims of fraud." (Internal quotation marks omitted.) See *Moore v. Pendavinji*, 2024 IL App (1st) 231305, ¶ 30. Therefore, Judge Schneider correctly found that plaintiffs failed to state a claim of fraud.

¶ 54 Plaintiffs' brief does not address this element of fraud, so they have forfeited any argument that they pled defendants' intent. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Accordingly, we affirm the dismissal of plaintiffs' fraud claim.

¶ 55                                     2. Breach of Contract

¶ 56 Plaintiffs next challenge the dismissal of their breach of contract claim. To state a breach of contract claim, a plaintiff must plead "(1) the existence of a valid and enforceable contract, (2)

---

[1]We would prefer to reference the second amended complaint's allegations by paragraph number, but the complaint includes many duplicative paragraph numbers. For example, there are five paragraphs numbered "69."

substantial performance by the plaintiff, (3) breach by the defendant, and (4) damages caused by that breach." *Ivey v. Transunion Rental Screening Solutions, Inc.*, 2022 IL 127903, ¶ 28.

¶ 57    The second amended complaint alleged that defendants breached a valid and enforceable contract—the lease addendum—by failing to conduct the affordable housing recertification. The complaint further alleged that defendants' breach caused plaintiffs to incur damages in the form of "attorney's fees and costs in anticipation of the 2019 [eviction] action as well as in bringing this action." However, attorney fees and expenses are not recoverable damages in a breach of contract claim. *Installco Inc. v. Whiting Corp.*, 336 Ill. App. 3d 776, 786 (2002) ("Fees, expenses, and punitive damages are not recoverable at common law for breach of contract."). Therefore, plaintiffs failed to allege any recoverable damages, which are an essential element of a breach of contract claim. See *Ivey*, 2022 IL 127903, ¶ 28.  Judge Schneider correctly found that plaintiffs failed to state a breach of contract claim.

¶ 58    Plaintiffs' brief does not address their failure to plead recoverable damages as to their breach of contract claim, so they have forfeited any argument that they properly pled damages as to this claim. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 59                            3. Dismissal With Prejudice

¶ 60    Plaintiffs argue that Judge Schneider erred in dismissing their claims of fraud and breach of contract with prejudice, "thereby denying Plaintiffs' right to replead."

¶ 61    A court should dismiss a claim with prejudice pursuant to section 2-615 "only where it is clearly apparent that the plaintiffs can prove no set of facts entitling recovery." *Norabuena v. Medtronic, Inc.*, 2017 IL App (1st) 162928, ¶ 39; see also *Santelli v. City of Chicago*, 222 Ill. App. 3d 862, 871 (1991) ("[A] trial court should grant leave to amend a complaint unless it is apparent

that, even following amendment, no cause of action can be stated."). Courts should liberally allow amendments to pleadings. *Addison v. Distinctive Homes, Ltd.*, 359 Ill. App. 3d 997, 1003 (2005). We review a circuit court's decision to dismiss claims with prejudice for an abuse of discretion. *Vogt v. Round Robin Enterprises, Inc.*, 2020 IL App (4th) 190294, ¶ 15. A trial court abuses its discretion when its ruling is arbitrary or fanciful, or where no reasonable person would take the court's view. *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24.

¶ 62    Dismissing the fraud claim with prejudice was not an abuse of discretion. "Fraud-based claims are held to a higher standard of pleading, as there must be specific allegations from which fraud is the necessary or probable inference." *Dvorkin v. Soderquist*, 2022 IL App (1st) 201368, ¶ 86. The fact that plaintiffs did not even attempt to plead the element of intent suggests that they cannot articulate what defendants' fraudulent intent was. Relatedly, the second amended complaint did not establish fraud as a "necessary or probable inference" from defendants' actions. See *id.* The second amended complaint claimed that defendants enjoyed a tax credit due to having plaintiffs as affordable housing tenants but also claimed that defendants refused to recertify plaintiffs for the affordable housing program and tried to force them out of the Pavilion. Those allegations contradict each other. There is little reason to think plaintiffs could have fashioned a coherent theory of fraud. Therefore, Judge Schneider did not abuse her discretion in dismissing the fraud claim with prejudice.

¶ 63    Dismissing the breach of contract claim with prejudice was not an abuse of discretion either. As explained above, the only damages plaintiffs identified with respect to that claim were attorney fees, which were not recoverable as a matter of law. See *Installco*, 336 Ill. App. 3d at 786. "The  proper measure of damages for  a breach of contract  [claim] is  the  amount  of  money

necessary to place the plaintiff in a position as if the contract had been performed." *In re Illinois Bell Telephone Link-Up II*, 2013 IL App (1st) 113349, ¶ 19. According to the breach of contract claim, defendants would have "performed" the contract if they had recertified plaintiffs for the affordable housing program at some point between 2015 and 2019. Plaintiffs do not identify what amount of money would make it as though defendants conducted such recertification, and it is not clear that plaintiffs can do so. As best we can tell, plaintiffs paid reduced rent through the affordable housing program during the entire time they lived at the Pavilion even though defendants did not recertify them. So, it appears plaintiffs did not lose any money due to defendants' supposed breach of contract. Therefore, plaintiffs cannot plead recoverable damages on their breach of contract claim.

¶ 64    Plaintiffs also contend that Judge Schneider incorrectly believed that prior judges had dismissed the fraud and breach of contract claims multiple times. It does appear that Judge Schneider was under the mistaken impression that the second amended complaint was plaintiffs' third unsuccessful attempt to plead claims of fraud and breach of contract. However, that misunderstanding does not change the outcome of this appeal. We can affirm the dismissal of the fraud and breach of contract claims on any basis in the record (see *In re Marriage of Andrew*, 2023 IL App (1st) 221039, ¶ 36), and we do so for the reasons set forth above.

¶ 65    Furthermore, the fact that plaintiffs' fraud and breach of contract claims survived an earlier motion to dismiss before a different judge does not mean that Judge Schneider was prohibited from dismissing them. Judge Schneider was not bound by Judge Snyder's prior decision not to dismiss the fraud and breach of contract claims because Judge Snyder's order was interlocutory. See *Walker v. Carnival Cruise Lines, Inc.*, 383 Ill. App. 3d 129, 132 (2008) (a circuit court's denial of

a motion to dismiss is interlocutory); *Hemphill v. Chicago Transit Authority*, 357 Ill. App. 3d 705, 708 (2005) (judges are not bound by orders of previous judges and have the power to change interlocutory orders that they find to be erroneous). Accordingly, we affirm the dismissal of plaintiffs' fraud and breach of contract claims with prejudice.

¶ 66                                    4. Unjust Enrichment

¶ 67    Plaintiffs' entire argument regarding the dismissal of their unjust enrichment claim is as follows: "The lower court correctly recognized that the unjust enrichment count was a condition included in Plaintiffs' fraud count. For the reasons stated *supra*, the fraud count was improperly dismissed." We do not understand what this contention means. This "argument" is underdeveloped, and plaintiffs cite no legal authority in support of it. Accordingly, plaintiffs have forfeited any argument challenging the dismissal of their unjust enrichment claim. See *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 12 (bare contentions without argument based on the record and without citation to authority do not merit consideration); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (arguments must include "citation of the authorities *** relied on").

¶ 68                                    5. IIED

¶ 69    Plaintiffs next challenge the dismissal of their IIED claim. To state an IIED claim, the plaintiff must allege that (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended for his conduct to cause severe emotional distress or knew that there was a high probability his conduct would cause severe emotional distress, and (3) the defendant's conduct caused severe emotional distress. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 269 (2003).

¶ 70    Count VI of the second amended complaint alleged that defendants engaged in extreme and outrageous conduct by "deliberately threatening" and "harassing" plaintiffs. Plaintiffs alleged

that defendants "either intended to inflict emotional distress upon [plaintiffs] when engaging in their conduct or knew that there was a high probability that such conduct would result in such distress." Additionally, count VI alleged that defendants' conduct caused plaintiffs "to suffer severe emotional distress that no reasonable person could be expected to endure."

¶ 71    A claim for IIED is sufficient only "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 51. A landlord-tenant dispute such as this one does not meet that standard. See, *e.g.*, *Farnor v. Irmco Corp.*, 73 Ill. App. 3d 851, 856 (1979) (a landlord's threats to confiscate a tenant's furniture and refusal to allow her to use a freight elevator were not extreme or outrageous). On the contrary, landlord-tenant disputes are common, and Illinois law sets forth procedures for how to resolve them, which defendants followed in the 2019 and 2020 eviction cases. At most, the complaint describes sporadic, annoying, and unprofessional behavior by defendants, which does not meet IIED's pleading standard.

¶ 72    Plaintiffs insist that the 2019 eviction case was "not supported by fact or law and in fact in violation of HUD and State regulations." This is a conclusory allegation, and the outcome of the 2020 eviction case suggests it is untrue. Accordingly, we affirm the dismissal of plaintiffs' IIED claim pursuant to section 2-615.

¶ 73                                6. Defamation *Per Se*

¶ 74    Plaintiffs contend that Judge Schneider should not have dismissed their claim of defamation *per se*. To state a claim of defamation, a plaintiff must allege that (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of

that statement to a third party, and (3) the publication caused the plaintiff damages. *Dobias v. Oak Park and River Forest High School District 200*, 2016 IL App (1st) 152205, ¶ 53 (citing *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009)). Illinois recognizes five types of statements as defamatory *per se:*

"(1) words that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in her or his profession; and (5) words that impute a person has engaged in adultery or fornication." *Green*, 234 Ill. 2d at 491-92.

If a plaintiff alleges that a statement was defamatory *per se,* the plaintiff need not plead damages because the statement is so obviously harmful that we may presume injury to the plaintiff's reputation. *Dobias*, 2016 IL App (1st) 152205, ¶ 54.

¶ 75    Count VII of the second amended complaint purported to plead defamation *per se* but did not allege any statements defendants made. Rather, count VII alleged that defendants' "destruction or withholding" of the complete December 9, 2014, lease "prejudiced and adversely affect[ed] plaintiffs' ability to defend themselves during the December 2020, Forcible Entry and Detainer proceedings." It appears that plaintiffs mislabeled what was actually a claim of spoliation of evidence as a claim of defamation *per se*. Regardless, plaintiffs did not plead a single element of defamation *per se*.

¶ 76    The second amended complaint did allege that defendants "publicly degraded" plaintiffs because "both eviction proceedings have become part of the public record. Google searches of

Afrim Albanesi, reveal the fraudulent eviction proceeding against him and his wife Asife Luci."

But even if we found that filing an eviction case is a "statement," it does not fall under any of the

five types of statements that Illinois law recognizes as defamation *per se*. See *Green*, 234 Ill. 2d at

491-92. Accordingly, we affirm the dismissal of plaintiffs' claim of defamation *per se* pursuant to

section 2-615.

¶ 77                              7. Negligent Spoliation of Evidence

¶ 78     Finally, plaintiffs challenge the dismissal of their claim of negligent spoliation of evidence

in the third amended complaint. Spoliation of evidence is a form of negligence. *Martin v. Keeley*

*& Sons, Inc.*, 2012 IL 113270, ¶ 26. To plead negligent spoliation of evidence, a plaintiff must

allege that

> "(1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant
>
> breached that duty by losing or destroying the evidence; (3) the loss or destruction of the
>
> evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit;
>
> and (4) as a result, the plaintiff suffered actual damages." *Id.*

¶ 79     Generally, there is no duty to preserve evidence, but a duty may arise through a relationship

such as an agreement, a contract, a statute, or a defendant's voluntary assumption of a duty to

preserve evidence. *Id.* ¶ 27. In addition, the plaintiff must allege that a reasonable person in the

defendant's position should have foreseen that the evidence was material to a potential civil action.

*Id.* Absent a relationship *and* foreseeability, there is no duty to preserve evidence. *Id.* Additionally,

a plaintiff "must allege sufficient facts to support a claim that the loss or destruction of the evidence

caused the plaintiff to be unable to prove an underlying lawsuit." *Boyd v. Travelers Insurance Co.*,

166 Ill. 2d 188, 196 (1995). The plaintiff must show that, but for the loss or destruction of the

evidence, the plaintiff had a reasonable probability of succeeding in the underlying lawsuit. *Id.* at 196 n.2.

¶ 80    We find that the third amended complaint failed to allege causation. A spoliation claim is deficient if it does not show *how* the missing evidence affected the plaintiffs' ability to prevail in the underlying case. See, *e.g.*, *Jackson v. Michael Reese Hospital and Medical Center*, 294 Ill. App. 3d 1, 15 (1997) ("the trial court was correct in finding the complaint deficient for failing to show how the missing X rays would have impacted on plaintiffs' ability to prove the underlying lawsuit for medical malpractice."). The third amended complaint alleged that "the entire lease agreement would have given plaintiffs a reasonable probability of successfully defending" the 2020 eviction case, but it does not explain how. In the 2020 eviction case, Brookfield alleged that plaintiffs failed to pay rent from February to December 2020. Plaintiffs claimed that Brookfield refused to accept rent payments and retaliated against them for Albanesi's 2019 personal injury lawsuit. The third amended complaint does not explain how the missing 20 pages of the December 9, 2014, lease would have shown that plaintiffs paid or attempted to pay rent in 2020, nor does it explain how those pages would have shown that Brookfield harassed and retaliated against plaintiffs.

¶ 81    Furthermore, dismissal with prejudice was proper because it is highly unlikely plaintiffs will ever be able to articulate how the missing 20 pages would have changed the outcome of the 2020 eviction case. No party has access to those documents and plaintiffs apparently do not remember anything they said. Plaintiffs speculate about what provisions the missing 20 pages *might* have included, but they do not even attempt to connect that speculation to the issues in the 2020 eviction case. We find that the third amended complaint failed to plead facts supporting a

claim that the loss or destruction of the complete 2014 lease caused plaintiffs to be unable to defend the 2020 eviction case and that, but for the spoliation, plaintiffs had a reasonable probability of prevailing in the 2020 eviction case. See *id.* at 16. Accordingly, we affirm the dismissal of the negligent spoliation of evidence count with prejudice pursuant to section 2-615.

¶ 82                                    III. CONCLUSION

¶ 83    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 84    Affirmed.